ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR AN OPINION ON THE FOLLOWING QUESTION:
 CAN A MUNICIPALITY ENACT AN ORDINANCE TO PROHIBIT THE PARKING OF MOTOR VEHICLES IN FRONT YARDS IF THE MOTOR VEHICLES ARE NOT OPERATIVE OR DO NOT EXHIBIT A CURRENT LICENSE TAG OR OTHER EVIDENCE OF TAXES PAID?
BECAUSE YOUR QUESTION CAN BE ANSWERED BY REFERENCE TO EXISTING STATUTES AND ESTABLISHED PRINCIPLES OF LAW, AN OFFICIAL OPINION IS UNWARRANTED. HOWEVER, I HOPE YOU FIND THE FOLLOWING INFORMAL DISCUSSION HELPFUL. 11 O.S. 14-101 (1981) PROVIDES:
 THE MUNICIPAL GOVERNING BODY MAY ENACT ORDINANCES, RULES AND REGULATIONS NOT INCONSISTENT WITH THE CONSTITUTION AND LAWS OF OKLAHOMA FOR ANY PURPOSE MENTIONED IN TITLE 11 OF THE OKLAHOMA STATUTES OR FOR CARRYING OUT THEIR MUNICIPAL FUNCTIONS. MUNICIPAL ORDINANCES, RULES OR REGULATIONS MAY BE REPEALED, ALTERED OR AMENDED AS THE GOVERNING BODY ORDAINS.
TITLE 11 DOES NOT SPECIFICALLY ADDRESS MUNICIPAL REGULATION OF PARKING ON PRIVATE PROPERTY. MUNICIPALITIES ARE GIVEN THE AUTHORITY TO CLEAN AND MOW PROPERTY WITHIN THE MUNICIPAL LIMITS, 11 O.S. 22-111 (1990), TO CONDEMN DILAPIDATED BUILDINGS, 11 O.S. 22-112 (1990), AND TO DECLARE NUISANCES. 11 O.S. 22-121 (1981). IT APPEARS THAT THE MUNICIPAL REGULATION OF PARKING ON PRIVATE PROPERTY WOULD HAVE TO BE GOVERNED BY THE POWER TO DECLARE AND PREVENT OR ABATE NUISANCES. 11 O.S. 22-121 (1981) PROVIDES:
 THE MUNICIPAL BODY MAY DECLARE WHAT SHALL CONSTITUTE A NUISANCE, AND PROVIDE FOR THE PREVENTION, REMOVAL AND ABATEMENT OF NUISANCES .
THE OKLAHOMA SUPREME COURT HAS ACKNOWLEDGED THAT THIS AUTHORITY TO DETERMINE WHAT IS A NUISANCE IS A DELEGATION OF POLICE POWER FROM THE LEGISLATURE . . . IN ORDER THAT IT MAY BE MORE EFFECTIVELY EXERCISED BY OFFICERS LOCALLY ACQUAINTED WITH THE NECESSITIES OF THE PARTICULAR COMMUNITY. CALKINS V. PONCA CITY, 214 P. 188, 89 OKL. 100 (OKLA. 1923). ANY SUCH ORDINANCE MUST BE REASONABLE. CITY OF GUTHRIE V. PIKE 
LONG, 243 P. 2D 697 (OKLA. 1952). THE GRANT OF THE POWER FROM THE LEGISLATURE
". . . EMPOWERS A MUNICIPALITY TO DECLARE ONLY THOSE THINGS A NUISANCE WHICH ARE SO PER SE, OR WHICH BY REASON OF THEIR LOCATION OR USE MAY BECOME SUCH WITHIN THE COMMON-LAW OR STATUTORY DEFINITION OF A NUISANCE, OR THOSE THINGS "WHICH IN THEIR NATURE MAY BE NUISANCES BUT AS TO WHICH THERE MAY BE HONEST DIFFERENCES OF OPINION IN IMPARTIAL MINDS"; AND ACCORDING TO ALL THE CASES IT DOES NOT AND COULD NOT AUTHORIZE A MUNICIPALITY TO DECLARE THAT A NUISANCE WHICH IS CLEARLY NOT SO."
EX PARTE JONES, 4 OKL. CR. 74, 109 P. 570, 31 L.R.A., N.S., 548, 140 AM. ST. REP. 655 (CRIM. CT. APP. 1910).
NUISANCE IS DEFINED BY 50 O.S. 1 AS:
 "A NUISANCE CONSISTS IN UNLAWFULLY DOING AN ACT, OR OMITTING TO PERFORM A DUTY, WHICH ACT OR OMISSION EITHER:
 FIRST. ANNOYS, INJURES OR ENDANGERS THE COMFORT, REPOSE, HEALTH, OR SAFETY OF OTHERS; OR
SECOND. OFFENDS DECENCY; OR
THIRD. UNLAWFULLY INTERFERES WITH, OBSTRUCTS OR TENDS TO OBSTRUCT, OR RENDERS DANGEROUS FOR PASSAGE, ANY LAKE OR NAVIGABLE RIVER, STREAM, CANAL OR BASIN, OR ANY PUBLIC PARK, SQUARE, STREET OR HIGHWAY; OR
FOURTH. IN ANY WAY RENDERS OTHER PERSONS INSECURE IN LIFE, OR IN THE USE OF PROPERTY, PROVIDED, THIS SECTION SHALL NOT APPLY TO PREEXISTING AGRICULTURAL ACTIVITIES.
IN ADDITION, THE STATUTES PERTAINING TO NUISANCES CONTAIN A PROVISION REGARDING THE POWER OF CITIES AND TOWNS TO DEFINE AND SUMMARILY ABATE NUISANCES WITHIN THEIR CORPORATE LIMITS:
 "CITIES AND TOWNS IN THIS STATE SHALL HAVE THE RIGHT AND POWER TO DETERMINE WHAT IS AND WHAT SHALL CONSTITUTE A NUISANCE WITHIN THEIR RESPECTIVE CORPORATE LIMITS . . . AND WHEREVER IT IS PRACTICAL SO TO DO, SAID CITIES AND TOWNS SHALL HAVE THE POWER SUMMARILY TO ABATE ANY SUCH NUISANCE AFTER NOTICE TO THE OWNER, AND AN OPPORTUNITY FOR HIM TO BE HEARD, IF THIS CAN BE GIVEN." 50 O.S. 16
THE CASES DIVIDE NUISANCES INTO TWO CATEGORIES. A THING WHICH IS AT ALL TIMES A NUISANCE, IRRESPECTIVE OF ITS LOCATION AND ENVIRONMENT, IS A "NUISANCE PER SE". IN ALL OTHER CASES, WHAT IS A NUISANCE DEPENDS ON THE SURROUNDINGS AND OTHER CIRCUMSTANCES. PATTERSON V. ROXANA PETROLEUM CO., 109 OKLA. 89, 234 P. 713 (1925).
THERE ARE NO OKLAHOMA CASES WHICH ADDRESS WHETHER THE PARKING OF INOPERABLE OR UNREGISTERED VEHICLES IS A "NUISANCE". I FEEL QUITE CONFIDENT THAT SUCH WOULD NOT BE A NUISANCE PER SE AND, THEREFORE, THE SURROUNDINGS AND OTHER CIRCUMSTANCES MUST BE CONSIDERED. AN ORDINANCE AS BROAD AS THE ONE DESCRIBED IN YOUR QUESTION MIGHT TAKE IN SITUATIONS NOT MEETING THE STATUTORY DEFINITION OF NUISANCE.
IN SHORT, UNDER PROPER CIRCUMSTANCES THE MUNICIPALITY'S POWER TO DEFINE AND PREVENT NUISANCES MIGHT SUPPORT AN ORDINANCE PROHIBITING THE PARKING OF INOPERABLE/UNREGISTERED VEHICLES ON PRIVATE PROPERTY. HOWEVER, AN ORDINANCE WHICH PROVIDES NOTHING MORE THAN THAT POSED IN YOUR QUESTION WOULD PROBABLY NOT BE VALID.
IT IS IMPORTANT AT THIS POINT TO NOTE THAT TITLE 47 OF THE OKLAHOMA STATUTES, 1981, 2-108 (47 O.S. 2-108 (1981)), PLACES THE PRIMARY DUTY TO ADMINISTER AND ENFORCE LAWS RELATED TO VEHICLES AND HIGHWAYS UPON THE COMMISSION OF PUBLIC SAFETY. PART OF THIS RESPONSIBILITY IS TO ENFORCE VEHICLE REGISTRATION LAWS, WHICH REQUIRE EVERY OWNER OF A VEHICLE IN THIS STATE, REGARDLESS OF WHETHER IT IS ONLY PARKED OR ACTUALLY DRIVEN, TO REGISTER THE VEHICLE. 47 O.S. 1112 (1989). FURTHERMORE, THE DEPARTMENT OF PUBLIC SAFETY, THE TAX COMMISSION, AND "ALL OTHER DULY AUTHORIZED PEACE OFFICERS OF THIS STATE" ARE EMPOWERED TO SEIZE VEHICLES FOR WHICH THE REGISTRATION HAS BEEN EXPIRED IN EXCESS OF 90 DAYS. 47 O.S. 1115.1 (1990). CERTAIN PROCEDURES MUST BE FOLLOWED WHEN SEIZING SUCH VEHICLES. ID.
THIS SEIZURE AUTHORITY DOES NOT NECESSARILY PROHIBIT A MUNICIPALITY FROM TAKING INTO CONSIDERATION THE REGISTRATION STATUS OF VEHICLES IN ENACTING AN ORDINANCE WHICH PROHIBITS THE PARKING OF CERTAIN VEHICLES ON PRIVATE PROPERTY. IT PROBABLY WOULD, HOWEVER, PROHIBIT AN ORDINANCE WHICH PROVIDED FOR SEIZURE OF VEHICLES FOR FAILURE TO MAINTAIN AND DISPLAY EVIDENCE OF CURRENT REGISTRATION. THE KEY IS WHETHER THE LOCAL ORDINANCE IS INCONSISTENT WITH THE STATE LAW IN QUESTION. 11 O.S. 1981, 14101. THE STATE HAS OBVIOUSLY SEEN FIT TO EXERCISE PARAMOUNT AUTHORITY OVER MOTOR VEHICLE REGISTRATION. THE SMOOTH FUNCTIONING OF THE STATEWIDE SYSTEM OF REGULATION DEPENDS ON UNIFORMITY. SEE CITY OF CHICKASHA V. ARKANSAS LOUISIANA GAS CO., 625 P.2D 638 (OKLA. APP. 1981). THUS, AN ORDINANCE WHICH IS DIRECTED SPECIFICALLY AT MOTOR VEHICLE REGISTRATION MIGHT BE CONSIDERED INCONSISTENT WITH THE STATE LAW AND BEYOND THE MUNICIPALITY'S POWER UNDER 11 O.S. 14-101 (1981). ID. HOWEVER, IT IS NECESSARY TO COMPARE THE SPECIFIC ORDINANCE AND ITS ENFORCEMENT SCHEME TO ANY APPLICABLE STATE LAWS BEFORE A DETERMINATION AS TO INCONSISTENCY CAN BE MADE. SUCH A DETERMINATION IS IMPOSSIBLE IN THIS CASE DUE TO THE LACK OF SPECIFIC INFORMATION AND MAY WELL REQUIRE A FACTUAL DETERMINATION WHICH WOULD BE BEYOND THE SCOPE OF AN OPINION IN ANY EVENT.
IT IS, THEREFORE, MY OPINION THAT A MUNICIPALITY MAY HAVE THE AUTHORITY TO ENACT AN ORDINANCE REGULATING THE PARKING OF CERTAIN VEHICLES ON PRIVATE PROPERTY UNDER ITS POWER TO DECLARE AND PREVENT NUISANCES. HOWEVER, WHETHER THE PARKING OF ABANDONED OR NONREGISTERED VEHICLES ON PRIVATE LAND IS A "NUISANCE" PRESENTS FACTUAL QUESTIONS UNSUITABLE FOR RESOLUTION BY THIS OFFICE. FURTHERMORE, ORDINANCES PROVIDING FOR THE SEIZURE OF UNREGISTERED VEHICLES MAY WELL BE INCONSISTENT WITH STATE LAW ON THE SUBJECT AND THUS, INVALID.
PLEASE NOTE THAT THE FOREGOING IS MY OPINION ONLY AND NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
(SHARON K. O'ROKE)